UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| | : | |
| v. | : | |
| | : | |
| **MICHAEL W. EVANS,** | : | |
| **Defendant** | : | |
| | : | |

### MOTION TO SEAL CRIMINAL CASE

***COMES NOW***, the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully to move this Honorable Court to place and maintain under seal, until further order of the Court: (1) all Court records of this case, including the court file, docketing notices and records, and the criminal information filed against defendant; (2) the plea proceeding; (3) this motion, and the order granting the motion. We also ask the Court to delay entering any information about this case into any of the Court's public records. In support whereof, we submit as follows:

1. In this case, defendant's counsel has authorized the government to file a criminal information charging defendant with two felony drug-related crimes. Discussions with defendant and his attorney indicate that defendant will plead guilty to the charges based on a written plea agreement. That plea agreement calls for defendant to co-operate with the government and police in the investigation and prosecution of criminal offenses committed by others. In reliance on these events taking place, to protect defendant and others, we are filing this motion to seal. Defendant favors this motion.

2. The decision of the U.S. Court of Appeals for the District of Columbia Circuit in Washington Post v. Robinson, 935 F.2d 282 (D.C. Cir. 1991), sets standards for placing criminal

matters under seal.  In general, it requires: (1) the government to file a written motion to seal, with notice of that motion on the public record; (2) a prompt public hearing to decide the motion; (3) and findings that the decision to seal is tailored narrowly to preserve a key government interests.  But, Washington Post v. Robinson, supra, also notes that, occasionally, compelling reasons can exist that justify a delay in public notice and hearings on a motion to seal.  It recognizes that an "extraordinary case, for example, where the physical safety of an individual may be at risk," can be an exception to the normal rules for motions to seal.

       3.       We submit that this is such a case.  Defendant is to aid investigations of persons who sell illegal narcotics, who might be armed, and who have some reputation for violence.  Ultimately, the success of the investigation and defendant's co-operation depend upon keeping both secret from the targets.  So, too, does defendant's safety and that of police officers working on the case.  At present, we do not believe that proposed defendant's plea and cooperation are known to the public, nor to the targets of the investigations in which defendant will cooperate.  Therefore, we believe it is important to seal the case, its files and records, and court proceedings, and to defer entering information about the motion, case, and court proceedings into the public Court docket or other record available to the public.

       4.       Generally, veteran police officers and prosecutors in this office know that criminal gang members check public Court records to see if pleadings have been filed under seal in criminal cases.  It also is common knowledge that the docketing of a motion to seal or the filing of sealed pleadings in a criminal case usually means that a defendant is assisting police.  Consequently, public notice of the filing of sealed pleadings, itself, can compromise an on-going investigation.  It also poses a danger to cooperators, undercover agents, other police officers taking part in these investigations, and, in some cases, innocent bystanders.

5. We submit that public notice of the filing of these matters in this case very likely will (1) endanger defendant, undercover police agents, other officers, and innocent third parties; (2) alert targets of the investigation; (3) deter prospective witnesses, including defendant, from testifying or make them less likely to provide truthful testimony; and (4) cause potential witnesses and targets to destroy things needed as evidence by a grand jury or at trial. In addition, we submit that the public docketing of these sealed matters could make it much harder for defendant to co-operate successfully and, thus, deny him the benefits of the departure provisions of his plea agreement, 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1.

6. This rationale applies to this motion to seal. Persons who know the criminal justice system also know that docketing a motion to seal or a sealing order means that a defendant plans to cooperate with the government. Thus, if this motion to seal or a sealing order were to become public, it would be the same as making public defendant's co-operation itself. Therefore, complying with the normal notice requirements of <u>Washington Post</u> v. <u>Robinson</u>, would defeat the purpose of the motion to seal. Consequently, we ask the Court to (1) delay entry on the public docket of the filing of this Motion to Seal and Order of the Court; (2) decide that no hearing on this motion is needed; and, (3) not to make this motion, nor any order granting it, a part of the public record.

7. A proposed order granting this motion is attached for the Court's convenience.

**WHEREFORE**, the Government respectfully prays this Honorable Court to grant this motion and to enter the attached proposed order.

    Respectfully submitted,

    KENNETH L. WAINSTEIN
    UNITED STATES ATTORNEY
    D.C. Bar No. 451058

BY: _____
    Barry Wiegand
    Assistant United States Attorney
    D.C. Bar No.  424288
    Organized Crime and Narcotics Trafficking
    555 4th Street, N.W., Fourth Floor
    Washington, D.C. 20001
    (202) 514-7315 (o); (202) 514-8707 (fax)
    William.B.Wiegand@USDoJ.Gov

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused service of the foregoing to be made by E-mailing a copy of it to counsel for defendant Evans:

Ms. Mary Petras, Esq.
Assistant Federal Public Defender
Counsel for Defendant Michael W. Evans
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500 (o); (202) 208-7515 (fax)
Mary_Petras@FD.Org

this 28th day of June 2005.  I also will mail it to her.

_____
BARRY WIEGAND
Assistant U.S. Attorney