## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Criminal No. 05-249 (JR)** |
| | : | **(Under Seal)** |
| **MICHAEL W. EVANS,** | : | |
| **Defendant** | : | |

## GOVERNMENT'S MOTION FOR
## DEPARTURE FROM GUIDELINES SENTENCE

The United States of America, by its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court, pursuant to § 5K1.1 of the United States Sentencing Guidelines, and pursuant to 18 United States Code, § 3553(e), to sentence the defendant, Michael W. Evans, to a term below that otherwise required by the United States Sentencing Guidelines or the applicable sentencing provisions.  In supplement to this motion, the United States proffers the following points and authorities, as well as any others that may be cited at the sentencing hearing in this matter.

*Discussion*

The United States has determined to file its motion to depart in the above-captioned matter after considering all of the facts and circumstances.  As the Court is aware, in this District the factual and legal basis for all departure motions made by the United States must be reviewed and approved by the United States Attorney's Office Departure Committee.   Counsel for the government submitted this matter to the Departure Committee for its review and the Committee authorized the filing of this motion.

The defendant began his attempts to cooperate with the United States the day he first appeared in court.  Through counsel he immediately approached the government and indicated, as

2

he had to the arresting officers, that he was interested in cooperating with law enforcement. Defendant's parole situation was a complicating factor. First, it naturally gave pause in considering defendant's offer. Second, it was necessary to obtain permission for defendant's cooperation from the parole authorities before law enforcement could work with defendant. Last, it was necessary to persuade this Court that it was reasonable to release defendant given the nature of the charged offenses and his parole status.

Once in place under the supervision of the FBI the defendant worked diligently to justify the Court's decision to release him and the government's determination to work with him. Defendant was at all times faithful to his reporting obligations. He participated in five video taped buys from his supplier who had been identified as a DEA target and was able to purchase more than 100 grams of heroin. In heroin investigations this is a critical figure because it makes the target eligible for a statutory mandatory minimum penalty. Additionally, as one would expect given the that the target is at such a sentencing level, it designates the target as a serious trafficker or one who has relatively easy access to such traffickers. The defendant's work in this regard has significantly advanced what we hope will be an important investigation of heroin traffickers dealing at the kilogram level. In and of itself, defendant's work in this regard qualifies as substantial assistance.

The Court should also know that when defendant's assistance was no longer required in the heroin investigation described above, the FBI began to work with defendant in pursuit of cocaine base dealers. Defendant had made several controlled buy in that investigation when the targets attempted to rob him during one of those controlled buys. Fortunately, the agents handling the case were in position to protect the defendant. The two targets were convicted in Superior Court for their participation in this armed robbery attempt but that necessitated a disclosure of defendant's role and

3

the end of his ability to further assist the United States.  He and his family, with FBI and WitSec

assistance, were moved to a new location in this area.  He has obtained new employment which he

maintains.

*Conclusion*

**WHEREFORE**, the United States respectfully moves, pursuant to § 5K1.1 of the Federal

Sentencing Guidelines and 18 United States Code, § 3553(e), that the Court impose a sentence in

the instant case below that prescribed by the Sentencing Guidelines and any statutory mandatory

minimum sentence.


Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY


BY:    _____
       WILLIAM J. O'MALLEY, JR.
       Assistant United States Attorney

4

*Certificate of Service*

    **I HEREBY** certify that I have caused a copy of the foregoing government's Motion for Departure from Guidelines Sentence and proposed Order to be served by mail, postage prepaid, upon counsel for defendant Evans, Mary Petras, Esquire, Assistant Federal Public Defender, 625 Indiana Avenue, N.W., Suite 550, Washington, D.C., 20004; and to Monica Johnson, United States Probation Officer; this 1st day of November, 2006.

 

                                        _____
                                        WILLIAM J. O'MALLEY, JR.
                                        Assistant United States Attorney
                                        D.C. Bar No. 166-991
                                        555 Fourth Street, N.W.
                                        Washington, D.C. 20001
                                        (202) 305-1749