HONORABLE JAMES ROBERTSON, UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

**DEC 12 2006**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| UNITED STATES OF AMERICA | : | Docket No.: <u>05-CR-249</u> |
| --- | --- | --- |
| vs. | : | SSN: |
| EVANS, Michael W. | : | Disclosure Date: <u>September 19, 2006</u> |

### RECEIPT AND ACKNOWLEDGMENT OF PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

#### For the Government

(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____    _____
**Prosecuting Attorney**                                       Date

#### For the Defendant

(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
(✓) There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_____    _____
**Defendant**              Date           **Defense Counsel**         Date

### NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by <u>October 03, 2006</u>, to U.S. Probation Officer <u>Monica Johnson</u>, telephone number <u>(202) 565-1332</u>, fax number <u>(202) 273-0242</u>.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

**FOR THE COURT**

By:    Richard A. Houck, Jr., Chief
       United States Probation Officer

**FEDERAL PUBLIC DEFENDER**
DISTRICT OF COLUMBIA
SUITE 550
625 INDIANA AVENUE, N.W.
WASHINGTON, D.C. 20004

A. J. KRAMER
*Federal Public Defender*

TELEPHONE (202) 208-7500
FAX (202) 208-7515

October 3, 2006

Monica Johnson
United States Probation Officer
333 Constitution Avenue, N.W.
Washington, D.C. 20006

BY FAX

      Re:   United States v. Michael W. Evans
              CR-05-249-01

Dear Ms. Johnson:

      I write to submit the following corrections to the Presentence Investigation Report prepare in the above referenced matter.

1. On page 1, under "Release Status," the date of arrest should be June 7, 2005.

2. On page 6, in paragraph 24, the report erroneously states that the career offender provision applies. Mr. Evans does not have the required two prior convictions for dangerous offenses and/or felony drug offenses.

3. On page 8, in paragraph 31, the report lists incorrect dates of conviction for an assault with intent to murder. Mr. Evans has no such conviction from that date, and no criminal history points should be assessed.

4. On page 9, in paragraph 32, the report indicates that Mr. Evans is "noncompliance" with his parole and that a warrant was issued. This information is incorrect. First, Mr. Evans is in full compliance with parole. You can call his parole officer, Keith Cromer, at (202) 585-7640, to confirm this. Second, the warrant you referred to has been withdrawn.

5. On page 9, in paragraph 36, the total criminal history points is six, which establishes a criminal history category of III.

6. On page 9, in paragraph 37, as noted above, Mr. Evans is not a career offender and remains in criminal history category III.

7. On page 10, in paragraph 44, the report mistakenly states that Michael Jackson lives with Ms. Jones. It is Cydney Jones who lives with her mother, Ms. Jones. The report also states that Michael Jackson "suggested that" he provides money to assist Cydney with her financial needs. Mr. Evans does provide at least $200 per month to his daughter. He and his wife see Cydney every weekend.

8. On page 15, in paragraph 82, the report notes that the mandatory minimum sentence would have doubled had prior convictions been established under 21 U.S.C. § 851. However, because the government did not file enhancement papers prior to the plea, this provision was not affected by the plea. Moreover, the report should note that the calculation of the sentencing range under the Guidelines was significantly increased due to the plea. Mr. Evans was charged in this case only with a significantly smaller amount of controlled substances. As part of his agreement with the government, he agree to plead guilty to a much larger conspiracy involving a greater amount of controlled substances.

Thank you for taking the time to review these corrections. If you have any questions, please do not hesitate to contact me.

Sincerely,

*[signature]*

Mary Manning Petras

cc: AUSA William O'Malley